

ALAN S. WATENMAKER, SBN 54766
ELIZABETH T. PIERSON, SBN 138489
ANGELA M. BELLANCA, SBN 175186
HOFFMAN, SABBAN & WATENMAKER
A Professional Corporation
10880 Wilshire Boulevard, Suite 2200
Los Angeles, California 90024
Telephone No.: (310) 470-6010
Fax No.: (310) 470-6735

**FILED**
LOS ANGELES SUPERIOR COURT

ENTERED MAR 0 6 2003
SUSTAINED
JOHN A. CLARKE, CLERK
BY C. HEARD, DEPUTY

Attorneys for Petitioner

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

In the Matter of

THE JAY AND LYNNE E.
LIVINGSTON FAMILY TRUST
OF 1985

No. SP 005438

ORDER APPROVING:

FIRST AND FINAL ACCOUNT AND
REPORT OF RESIGNING TRUSTEE;

PETITION TO MODIFY TRUST DUE
TO CHANGED CIRCUMSTANCES;

PETITION FOR CONSTRUCTION;

PETITION FOR ORDER THAT TRUST
HAS NO INTEREST IN PROPERTY
CLAIMED BY ANOTHER

Date: 12/6/02
Time: 9:15 a.m.
Dept: F

The FIRST AND FINAL ACCOUNT AND REPORT OF RESIGNING TRUSTEE; PETITION TO MODIFY TRUST DUE TO CHANGED CIRCUMSTANCES; PETITION FOR CONSTRUCTION; PETITION FOR ORDER THAT TRUST HAS NO INTEREST IN PROPERTY CLAIMED BY ANOTHER of GARY KRESS as Trustee of THE JAY AND LYNNE E. LIVINGSTON FAMILY TRUST OF 1985 came on regularly for hearing on December 6, 2002 at 9:15 a.m. in Department F of the above-entitled Court, the Honorable GERALD ROSENBERG, Judge. ELIZABETH T. PIERSON of Hoffman Sabban &

-1-

Watenmaker appeared on behalf of GARY KRESS, the Trustee, who was present in Court, and DAVID WEINSTEIN of Weinstein, Boldt, Halfhide & Camel, appeared on behalf of one of the beneficiaries, TRAVILYN LIVINGSTON.

The Court, after hearing all of the evidence and finding that all notices of said hearing have been given as required by law, that all of the allegations of the petition are true, orders as follows:

IT IS ORDERED, ADJUDGED AND DECREED:

1. Petitioner's First and Final Account and Report of Resigning Trustee is approved as filed;

2. Petitioner is authorized to terminate the RESIDUAL TRUST, subject to a reserve for income taxes and property taxes;

3. Petitioner's payment of Trustee fees to Petitioner in the amount of $143,550.00 for services through July 17, 2002 is approved;

4. Petitioner's payment of Trustee fees to Petitioner in the amount of $5,000 a month from July 17, 2002 through the transfer of administration of the trust from Petitioner to his successor is approved;

5. Petitioner's payment of attorney's fees to HOFFMAN SABBAN & WATENMAKER in the amount of $99,429.93 for services during the period of the account and further fees of $35,506 for services from July 18, 2002 through August 21, 2002, as described in the fee declaration, is approved;

6. Petitioner's payment of attorney's fees to GREENWALD, PAULEY, FOSTER & MILLER in the amount of $14,619 during the period of the account is approved;

7. Petitioner's payment of attorney's fees to FISHBACH, PERLSTEIN & LIEBERMAN LLP in the amount of $11,295 during the period of the account is approved;

8. LYNNE's MUSIC INTERESTS TRUST, created under the terms of THE JAY AND LYNNE E. LIVINGSTON FAMILY TRUST OF 1985, is modified to provide that 100% of the music royalties received by the Trustee shall be allocated to income, commencing January 1, 2000;

9. The SURVIVOR's TRUST, created under the terms of THE JAY AND

LYNNE E. LIVINGSTON FAMILY TRUST OF 1985, is modified to clarify that there is no Musical Interests Trustee and that in all instances in which reference is made to the Musical Interests Trustee, the reference is to the trustee that is generally acting as Trustee of the SURVIVOR's TRUST;

10. VERA's Trust, created under the terms of THE JAY AND LYNNE E. LIVINGSTON FAMILY TRUST OF 1985, is construed so that it shall terminate at the death of the last to die of VERA DRAZEN, TRAVILYN LIVINGSTON and TAMMY WACHOLTZ, and at that time the Trustee shall distribute VERA's Trust to the then-current income beneficiaries of VERA's Trust, proportionate to each such beneficiary's income interest at that time;

11. ALAN's Trust, created under the terms of THE TWELFTH AMENDMENT AND RESTATEMENT OF THE SURVIVOR's TRUST CREATED UNDER THE JAY AND LYNNE E. LIVINGSTON FAMILY TRUST OF 1985, is construed so that it shall not terminate during the lifetime of ALAN LIVINGSTON, CHRISTOPHER LIVINGSTON or RANDY TALMADGE; and

12. The FAMILY TRUST holds no publishing royalty interests and no copyright interests and all such interests ever owned by JAY or LYNNE are now owned by Jay Livingston Music, Inc.

APPROVED AS TO FORM AND CONTENT

_____
DAVID WEINSTEIN
Attorney for Travilyn Livingston

_____
RANDLE DAVIS
Attorney for Tammy Wacholtz

Dated: MAR 0 6 2003

_____
GERALD ROSENBERG, Judge

H:\CLIENTS\L\LIVINGST.JAY\Estate.Jay\Pleadings\Order Resigning Trustee.wpd

-3-