# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| Tammy Livingston, individually, and as Beneficiary and Co-Trustee of the Livingston Music Interest Trust<br><br>    Plaintiff,<br><br>v.<br><br>Jay Livingston Music, Inc., a Tennessee Corporation, and Travilyn Livingston, in her individual capacity<br><br>    Defendants. | Case No. 3:22-cv-0532<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

**A.    JURISDICTION:**    This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, et seq., and under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.  This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Plaintiff asserts this Court also has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Defendants do not agree that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff's First Amended

Complaint does not make a monetary demand. But the lack of diversity jurisdiction is a moot point given that Plaintiff's claims arise under the Copyright Act. The parties do not dispute personal jurisdiction or venue.

B.     **BRIEF THEORIES OF THE PARTIES:**

<u>For Plaintiff</u>:   This Petition for Declaratory Judgment was necessitated by one or more of the Defendants filing notices of termination under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., with respect to the United States copyrights for approximately 55 of the songs written by Jay Livingston, including, but not limited to the song classic, "Whatever Will Be, Will be (Que Sera Sera)." Such copyright terminations were stated to be effective on July 15, 2019 and other applicable subsequent dates prior to the date of filing of this Petition. Plaintiff seeks a declaratory judgment that the notices of termination and potential termination are ineffective as a matter of law, or if effective, that such terminations do not diminish, eliminate, or, adversely impact Plaintiff's rights to receive, collect and be paid a share of songwriter royalties under the terms of the applicable contracts and the terms of the Trusts, as she has previously prior to the effectiveness of any song copyright termination of any Terminated Song or otherwise.

<u>For Defendant</u>:   Plaintiff's claim for a declaratory judgment has no merit. As set forth in the pending motion to dismiss (Doc. 19), the copyright-termination notices served by Travilyn Livingston are valid. This is the second frivolous lawsuit Plaintiff has filed against Defendants. Defendants intend to move to recover the fees and expenses Plaintiff has forced them to incur due to her harassing lawsuits.

C.     **ISSUES RESOLVED:**  Subject-matter jurisdiction, personal jurisdiction, and venue.

D.     **ISSUES STILL IN DISPUTE:**   Liability. Defendants have filed a Motion to Dismiss (ECF No. 19-20) which is still pending.

Case 3:22-cv-00532    Document 34    Filed 11/30/22    Page 2 of 7 PageID #: 521

2

E.   **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **January 21, 2023**.

F.   **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. Plaintiff requests that the first attempt shall occur no later than 120 days from the initial case management conference, which is **March 15, 2023**. By no later than that date, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The report shall state the specific steps taken toward case resolution, including that an offer or demand has been made and responded to and that counsel have discussed the parties' positions. The parties shall have conducted enough discovery or otherwise exchanged sufficient information to evaluate and discuss settlement substantively. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of this requirement. If the parties request referral for pro bono mediation or to a Magistrate Judge for a judicial settlement conference, they must make that request by motion. The motion shall include a statement as to why private mediation is not feasible and, if a judicial settlement conference is requested, why that is the preferable means of resolving the particular case. An updated joint report, including whether the parties have scheduled mediation or another form of ADR, shall be filed no later than 60 days before the deadline for the filing of dispositive motions.

G.   **DISCOVERY:**

Plaintiff requests that the case and discovery proceed immediately in accordance with Local Rule 16.01(g) and consistent with the standard practice in this district. The parties shall complete all written discovery and depose all fact witnesses on or before **June 16, 2023**. Written

discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than **March 1, 2023**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall notify Magistrate Judge Newbern's chambers and request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated. All motions related to fact discovery shall be filed by no later than **June 30, 2023**

H. **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **April 7, 2023**. Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I.      DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 14, 2023.** Defendants shall identify and disclose all expert witnesses and expert reports on or before **August 15, 2023**. All expert witnesses shall be deposed on or before **September 15, 2023.** No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J.      NEXT CASE MANAGEMENT CONFERENCE:**

A case management conference with the Magistrate Judge will be held by telephone on **May 3, 2023, at 9:30 a.m.,** or on such other date that the Court deems more convenient. Counsel shall be prepared to address the status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. Unless otherwise instructed, counsel shall call (888) 557-8511 and enter access code 7819165# to join the call.

**K.      DISPOSITIVE MOTIONS:**

Dispositive motions shall be filed by no later than **November 17, 2023.** Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**L.     ELECTRONIC DISCOVERY:**

The parties anticipate reaching an agreement on how to conduct electronic discovery in this case. Administrative Order 174-1 therefore need not apply to this case. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file a proposed agreed order with the appropriate accompanying motion. However, in the absence of an agreement, Administrative Order 174-1 will apply.

**M.     MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

**N.     REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg.*

*Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

**O.      ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The bench trial of this action is expected to last approximately three (3) days. The target trial date is **April 9, 2024**. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

Alistair E. Newbern
U.S. Magistrate Judge